```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
                                    :
UNITED STATES OF AMERICA            :
                                    :   INFORMATION
     - v -                          :
                                    :   19 Cr. 664
BARBARA MEYZEN, a/k/a               :
   "Bobbie Meyzen,"                 :
                                    :
                       Defendant.   :
                                    :
- - - - - - - - - - - - - - - - - -X
```

## COUNT ONE

### (Aggravated Identity Theft)

The United States Attorney charges:

**Background**

1. Unless stated otherwise, at all times relevant to this Information:

    a. La Cremaillere Restaurant Corp. ("La Cremaillere") owned and operated a restaurant in Banksville, New York. BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, was the Vice President of La Cremaillere and owned fifty percent of its shares. On or about April 17, 2019, La Cremaillere filed a bankruptcy petition under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court in White Plains, New York.

    b. Meyzen Family Realty Associates, LLC ("Meyzen Family Realty") owned the real property in Banksville, New York in which La Cremaillere operated its restaurant. MEYZEN was a

managing member of Meyzen Family Realty. On or about September 13, 2018, Meyzen Family Realty filed a bankruptcy petition under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court in White Plains, New York.

### Scheme to Defraud a Lender

2. In or about October 2015, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, applied for a business loan of at least $350,000 on behalf of La Cremaillere from a lender in Manhattan (the "Lender"). MEYZEN submitted copies of bank statements for La Cremaillere's checking account in support of the loan application. MEYZEN altered the bank statements to convert negative balances for the beginning and end of months, as well as negative daily balances, to positive balances; to remove references to checks drawn by MEYZEN that were rejected due to insufficient funds; and to reduce or to remove service charges.

### Identity Theft in Relation to Wire Fraud

3. The Lender questioned the authenticity of the bank statements and denied the application for a loan. Thereafter, on or about December 22, 2015, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, sent a representative of the Lender an email purporting to be from a Vice President of La Cremaillere's bank in which she stated:

> The statements did indeed come from our bank and we acknowledge there is an error in our system and that is why the statements do not match.
>
> Hope this is helpful.

4. In or about December 2015, in the Southern District of New York and elsewhere, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, the defendant possessed, used, and transferred the personal identification information of another person in connection with the commission of wire fraud, as charged in Count Two of this Information.

(Title 18, United States Code, Sections 1028A and 2.)

## COUNT TWO

### (Wire Fraud)

The United States Attorney further charges:

5. The allegations set forth in paragraphs 1 through 3 are repeated and realleged as if set forth fully herein.

6. From in or about October 2015 to in or about March 2018, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, sent account statements for La Cremaillere's checking accounts that had been altered in the manner described in Count One above to

3

several potential lenders, factors or financiers as part of applications for credit on behalf of La Cremaillere. MEYZEN sent communications by interstate wires in furtherance of the applications for credit.

7. From in or about August 2015 through in or about March 2018, in the Southern District of New York and elsewhere, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, did willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, the defendant submitted materially false financial information to lenders, factors and financiers in support of applications for extensions of credit.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT THREE

### (Mail Fraud)

The United States Attorney further charges:

8. The allegations set forth in paragraphs 1 through

3 and 6 are repeated and realleged as if set forth fully herein.

9. From in or about April 2014 to the present, L&J Smith Investments, LP ("L&J Smith") held a second mortgage on the Banksville property owned by Meyzen Family Realty that secured a $155,000 loan. BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, signed the mortgage.

10. On or about November 19, 2015, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, filed with the Westchester County Clerk a satisfaction of mortgage falsely stating in substance that the $155,000 loan had been paid and that L&J Smith's mortgage on the Meyzen Family Realty property should be discharged. MEYZEN forged the signature of L&J Smith's managing partner on the satisfaction of mortgage.

11. The Westchester County Clerk initially rejected the satisfaction of mortgage for filing for formatting reasons but later accepted and filed it in October 2017. A copy of the filed satisfaction of mortgage was sent by U.S. Mail to BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant.

12. On or about November 19, 2015, and again on or about December 2, 2015, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, sent a copy of the satisfaction of mortgage to the Lender in support of La Cremaillere's application for credit.

13. After the satisfaction of mortgage was filed, it appeared from the Westchester County Clerk's public property records that the Meyzen Family Realty property had only one mortgage on it.

14. From in or about November 2015 to the present, in the Southern District of New York and elsewhere, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting to do so, knowingly placed in a post office and authorized depository for mail matter, and took and received therefrom, a matter and thing to be sent and delivered by the Postal Service, and knowingly caused to be delivered by mail according to the direction thereon, such matter and thing, in violation of Title 18, United States Code, Sections 1341 and 2, to wit, the defendant used the mail to further a scheme to defraud a mortgagee on property owned by a limited liability company of which she was a member by filing a false satisfaction of mortgage.

(Title 18, United States Code, Sections 1341 and 2.)

## COUNT FOUR

### (Access Device Fraud)

The United States Attorney further charges:

15. The allegations set forth in paragraph 1 are repeated and realleged as if set forth fully herein.

16. In or about the summer of 2017, Jane Doe, a resident of Stamford, Connecticut, was a regular customer at the La Cremaillere restaurant and was friends with BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant. Jane Doe had provided MEYZEN with her charge card number so that La Cremaillere could charge her restaurant bills automatically to her account.

17. From on or about June 30, 2017 through in or about October 2017, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, paid invoices for products and services for La Cremaillere by charging the expenses to Jane Doe's charge card account. MEYZEN made such unauthorized charges in a total amount of approximately $80,000 to Jane Doe's account.

18. BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, told Jane Doe that the charges were a mistake and that she would resolve the problem. In or about October and November 2017, MEYZEN gave Jane Doe checks drawn on La Cremaillere's checking account to cover approximately $32,000 of the unauthorized charges, which checks were returned due to

insufficient funds.

19. From in or about June 2017 through in or about October 2017, in the Southern District of New York and elsewhere, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, did knowingly, willfully and with intent to defraud, effect transactions with an access device issued to another person to receive things of value with an aggregate value greater than $1,000 during a one year period, in violation of Title 18, United States Code, Section 1029(a)(5), to wit, the defendant used a charge card issued to another person to purchase goods and services for the benefit of another entity.

(Title 18, United States Code, Sections 1029(a)(5) and 2.)

## COUNT FIVE

### (Access Device Fraud)

The United States Attorney further charges:

20. The allegations set forth in paragraph 1 are repeated and realleged as if set forth fully herein.

21. From in or about May 2019 to in or about June 2019, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, paid invoices for service to the water and septic pumps at Meyzen Family Realty's Banksville property by charging the expenses to John Doe's charge card account. MEYZEN made three unauthorized charges in a total amount of approximately $5,600 to John Doe's

account.

22. From in or about May 2019 to in or about June 2019, in the Southern District of New York and elsewhere, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, did knowingly, willfully and with intent to defraud, effect transactions with an access device issued to another person to receive things of value with an aggregate value greater than $1,000 during a one year period, in violation of Title 18, United States Code, Section 1029(a)(5), to wit, the defendant used a charge card issued to another person to purchase goods and services for the benefit of another entity.

(Title 18, United States Code, Sections 1029(a)(5) and 2.)

## COUNT SIX

### (False Statements to FBI)

The United States Attorney further charges:

23. The allegations set forth in paragraphs 1 through 3, 6, 9 through 13 and 16 through 18 are repeated and realleged as if set forth fully herein.

24. On or about May 1, 2019, Special Agents of the Federal Bureau of Investigation interviewed BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant. The agents advised MEYZEN that making false statements to federal agents during the course of a federal investigation was a federal crime that could

subject her to imprisonment. At the conclusion of the interview, the agents advised MEYZEN that she could change any statement she made during the interview at that time without penalty. MEYZEN then declined to make any changes to the statements she made during the interview.

25. On or about May 1, 2019, in the Southern District of New York and elsewhere, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, knowingly and willfully made materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, in violation of Title 18, United States Code, Section 1001(a)(2), to wit MEYZEN made the following false statements in substance to Special Agents of the FBI:

    a. she believed another individual, whom she identified by name, filed the forged satisfaction of mortgage relating to the second mortgage on the Meyzen Family Realty property with the Westchester County Clerk;

    b. she did not pay the fee for filing the forged satisfaction of mortgage relating to that second mortgage;

    c. she did not know anything about charges made to Jane Doe's charge card account for restaurant supplies for La Cremaillere;

     d. she did not have conversations with Jane Doe about charges to Jane Doe's charge card account;

     e. she did not give Jane Doe checks, which bounced, to cover the charges;

     f. she did not know anything about submitting altered bank statements to lenders; and

     g. she did not send a fake email to a lender.

(Title 18, United States Code, Sections 1001(a)(2) and 2.)

## COUNT SEVEN

### (False Statement to United States Trustee)

The United States Attorney further charges:

26. The allegations set forth in paragraph 1 are repeated and realleged as if set forth fully herein.

27. On or about November 7, 2018, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, was deposed under oath by an Assistant United States Trustee in connection with the Meyzen Family Realty bankruptcy. During her testimony, counsel for Meyzen Family Realty disclosed that there was no property insurance in effect on Meyzen Family Realty's real property. The Assistant United States Trustee responded in part:

> This is obviously a big issue for my office and for creditors as well. If insurance isn't in place promptly, we'll likely move to dismiss your case.

MEYZEN responded "right," and said that she had spoken with her

11

insurance broker that morning, intended to meet with him later that day and intended to get property insurance in place that day. The Assistant United States Trustee responded in part "It's a big issue, so I see that you understand that." MEYZEN responded "I do understand that."

28. On or about May 14, 2019, one day before a hearing in the Bankruptcy Court on the Meyzen Family Realty case, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, caused her attorney to submit to the United States Trustee documents indicating that La Cremaillere and Meyzen Family Realty had property insurance and liability insurance in effect starting November 30, 2018. That insurance had been canceled in or about February 2019 for nonpayment, as MEYZEN knew as of May 2019.

29. On or about June 11, 2019, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, was deposed under oath by an Assistant United States Trustee in connection with the La Cremaillere bankruptcy. When asked about the cancellation of the insurance policies, MEYZEN falsely testified that "I did not realize that the policy had been canceled" at the time she gave the U.S. Trustee the insurance documents on May 14. MEYZEN falsely testified further that she did not receive any notice of the cancellation of the policies.

30. On or about June 11, 2019, in the Southern District of New York and elsewhere, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, knowingly and willfully made materially false, fictitious and fraudulent statements and representations to the United States Trustee in a matter within the jurisdiction of the executive branch of the Government of the United States, in violation of Title 18, United States Code, Sections 1001(a)(2) and 2, to wit, the defendant falsely told an Assistant United States Trustee under oath that she was unaware that property and liability insurance for Meyzen Family Realty and La Cremaillere had been canceled when she provided documents indicating the policies were in effect to the United States Trustee on or about May 14, 2019.

(Title 18, United States Code, Sections 1001(a)(2) and 2.)

### COUNT EIGHT

### (Concealment of Debtor's Property)

The United States Attorney further charges:

31. The allegations set forth in paragraph 1 are repeated and realleged as if set forth fully herein.

32. On or about April 19, 2019, two days after La Cremaillere filed its bankruptcy petition, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, opened a bank account in her name at a bank in Ridgefield, Connecticut (the "Bank"). MEYZEN

then diverted more than $40,000 of deposits from La Cremaillere's merchant credit card processor from La Cremaillere's account to her account at the Bank. MEYZEN used a portion of that money to make payments to a food distributor and to an in-home nursing service.

33. From in or about April 2019 to in or about May 2019, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, in her capacity as an agent and officer of La Cremaillere Restaurant Corp., did knowingly, willfully and with the intent to defeat the provisions of Title 11 of the United States Code, transfer and conceal property of La Cremaillere Restaurant Corp., a debtor in possession, in violation of Title 18, United States Code, Sections 152(7) and 2, to wit, the defendant caused transfers of funds belonging to La Cremaillere Restaurant Corp. as debtor in possession to be diverted to a bank account held by her and used a portion of those funds to pay La Cremaillere's expenses and her personal expenses.

(Title 18, United States Code, Sections 157(7) and 2.)

## COUNT NINE

### (Concealment of Debtor's Property)

The United States Attorney further charges:

34. The allegations set forth in paragraph 1 are repeated and realleged as if set forth fully herein.

35. On or about May 7, 2019, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, opened a business checking account for Honey Bee Farm LLC, an entity she controlled, at a bank in White Plains, New York. MEYZEN diverted more than $380,000 of deposits from La Cremaillere's merchant credit card processor from La Cremaillere's account to the Honey Bee Farm account. MEYZEN used a portion of that money to pay food distributors, two wine wholesalers, a commercial trash service, a tableware and china company, mortgage payments on Meyzen Family Realty's Banksville property, and an employee of La Cremaillere, among others.

36. From on or about May 7, 2019 to on or about July 23, 2019, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, in her capacity as an agent and officer of La Cremaillere Restaurant Corp., did knowingly, willfully and with the intent to defeat the provisions of Title 11 of the United States Code, transfer and conceal property of La Cremaillere Restaurant Corp., a debtor in possession, in violation of Title 18, United States Code, Sections 152(7) and 2, to wit, the defendant caused transfers of funds belonging to La Cremaillere Restaurant Corp. as debtor in possession to be diverted to a bank account held by

an entity under her control and used a portion of those funds to pay La Cremaillere's and Meyzen Family Realty's expenses.

(Title 18, United States Code, Sections 157(7) and 2.)

*[signature: Geoffrey S. Berman]*
GEOFFREY S. BERMAN
United States Attorney