```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
                                    :
UNITED STATES OF AMERICA            :   SUPERSEDING
                                    :   INFORMATION
    - v -                           :
                                    :   S1 19 Cr. 664 (VB)
BARBARA MEYZEN, a/k/a               :
   "Bobbie Meyzen,"                 :
                                    :
                    Defendant.      :
                                    :
- - - - - - - - - - - - - - - - - -X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/5/20

**COUNT ONE**

**(Wire Fraud)**

The United States Attorney charges:

**BACKGROUND**

1. Unless stated otherwise, at all times relevant to this Superseding Information:

    a. La Cremaillere Restaurant Corp. ("La Cremaillere") owned and operated a restaurant in Banksville, New York that specialized in French cooking. BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, was the Vice President of La Cremaillere and owned fifty percent of its shares.

    b. Meyzen Family Realty Associates, LLC ("Meyzen Family Realty") owned the real property in Banksville, New York in which La Cremaillere operated its restaurant. MEYZEN was a managing member of Meyzen Family Realty.

    c. Profits from the operation of La

Cremaillere's restaurant were the only source of income for La Cremaillere and Meyzen Family Realty. The operation of the restaurant became unprofitable starting in or about 2009.

   d. On or about April 17, 2019, MEYZEN filed a bankruptcy petition for La Cremaillere under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court in White Plains, New York. MEYZEN reported in the petition that La Cremaillere had approximately $1.3 million in assets and approximately $2 million in liabilities.

   e. On or about September 13, 2018, MEYZEN filed a bankruptcy petition for Meyzen Family Realty under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court in White Plains, New York.

## THE SCHEME TO DEFRAUD

   2. Starting in or about the summer of 2015, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, engaged in a scheme to maintain control, and continue the operation, of La Cremaillere and Meyzen Family Realty through various fraudulent means, as set forth below.

### Means to Defraud Lenders

   3. From in or about August 2015 through in or about March 2018, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, submitted applications for credit on behalf of La

Cremaillere to at least nine potential lenders, factors or financiers (the "Lenders") and sent, received and caused communications by interstate wires in connection with those applications. In each instance, MEYZEN submitted to the Lenders copies of bank statements for La Cremaillere's checking accounts that she had materially altered to create the false appearance that La Cremaillere's restaurant was profitable. MEYZEN converted negative balances for the beginning and end of months, as well as negative daily balances, to positive balances; removed references to checks drawn by her that were rejected due to insufficient funds; and reduced or removed service charges arising from checks she drew on insufficient funds. MEYZEN obtained financing from at least four Lenders to which she had submitted altered bank statements.

4. In or about October 2015, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, applied for a business loan of at least $350,000 on behalf of La Cremaillere from a Lender in Manhattan (the "Manhattan Lender") and submitted altered bank statements in support of that application. The Manhattan Lender denied the application after comparing the bank statements submitted by MEYZEN with the corresponding statements it had received directly from La Cremaillere's bank. Thereafter, on or about December 22, 2015, MEYZEN sent a representative of the

Manhattan Lender an email by interstate wire purporting to be from a Vice President of La Cremaillere's bank in which she stated:

> The statements did indeed come from our bank and we acknowledge there is an error in our system and that is why the statements do not match.
>
> Hope this is helpful.

### Means to Defraud a Mortgagee

5. From in or about April 2014 to the present, L&J Smith Investments, LP ("L&J Smith") held a second mortgage on the Banksville property owned by Meyzen Family Realty that secured a $155,000 loan. BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, signed the mortgage.

6. On or about November 19, 2015, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, filed with the Westchester County Clerk a satisfaction of mortgage falsely stating in substance that the $155,000 loan had been paid and that L&J Smith's mortgage on the Meyzen Family Realty property should be discharged. MEYZEN forged the signature of L&J Smith's managing partner on the satisfaction of mortgage.

7. On or about November 19, 2015, and again on or about December 2, 2015, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, sent a copy of the satisfaction of mortgage to the Manhattan Lender in support of La Cremaillere's application

for credit.

**Means to Defraud Restaurant Customers**

8.      In or about the summer of 2017, "Jane Doe," a resident of Stamford, Connecticut, was a regular customer at La Cremaillere's restaurant and was friends with BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant. Jane Doe had provided MEYZEN with her charge card number so that La Cremaillere could charge her restaurant bills automatically to her account.

9.      From on or about June 30, 2017 through in or about October 2017, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, paid invoices for products and services for La Cremaillere by charging the expenses to Jane Doe's charge card account. MEYZEN made such unauthorized charges in a total amount of approximately $83,000 to Jane Doe's account.

10.     BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, told Jane Doe that the charges were a mistake and that she would resolve the problem. In or about October and November 2017, MEYZEN gave Jane Doe checks drawn on La Cremaillere's checking account to cover approximately $32,000 of the unauthorized charges, which checks were returned due to insufficient funds.

11.     "John Roe," a resident of New York City, was a customer at La Cremaillere's restaurant. From in or about May

2019 to in or about June 2019, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, paid invoices for products and services for La Cremaillere by charging the expenses to John Roe's charge card account. MEYZEN made such unauthorized charges in a total amount of approximately $56,000 to John Roe's account.

**Means to Conceal and Control Debtor's Property**

12. On or about April 19, 2019, two days after La Cremaillere filed its bankruptcy petition, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, opened a bank account in her name at a bank in Ridgefield, Connecticut (the "Bank"). MEYZEN then diverted more than $40,000 of deposits belonging to the La Cremaillere bankruptcy estate at La Cremaillere's merchant credit card processor to her account at the Bank. MEYZEN used a portion of that money to make payments to a food distributor and to an in-home nursing service.

13. On or about May 7, 2019, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, opened a business checking account for Honey Bee Farm LLC, an entity she controlled that was unrelated to La Cremaillere, at a bank in White Plains, New York. MEYZEN diverted more than $380,000 of deposits belonging to the La Cremaillere bankruptcy estate at La Cremaillere's merchant credit card processor to the Honey Bee Farm account. MEYZEN used a portion of that money to pay food distributors,

two wine wholesalers, a commercial trash service, a tableware and china company, mortgage payments on Meyzen Family Realty's Banksville property, and an employee of La Cremaillere, among others.

### Means to Mislead the United States Trustee

14.  At all times relevant to this Superseding Information, the United States Trustee was responsible for overseeing the administration of bankruptcy cases to promote the integrity and efficiency of the bankruptcy system for the benefit of debtors and creditors.

15.  On or about November 7, 2018, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, was deposed under oath by an Assistant United States Trustee in connection with the Meyzen Family Realty bankruptcy.  During her testimony, counsel for Meyzen Family Realty disclosed that there was no property insurance in effect on Meyzen Family Realty's real property. The Assistant United States Trustee responded in part:

> This is obviously a big issue for my office and for creditors as well.  If insurance isn't in place promptly, we'll likely move to dismiss your case.

MEYZEN responded "right," and said that she had spoken with her insurance broker that morning, intended to meet with him later that day and intended to get property insurance in place that day.  The Assistant United States Trustee responded in part

7

"It's a big issue, so I see that you understand that."  MEYZEN responded "I do understand that."

16.  On or about May 14, 2019, one day before a hearing in the Bankruptcy Court on the Meyzen Family Realty case, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, caused her attorney to submit to the United States Trustee documents indicating that La Cremaillere and Meyzen Family Realty had property insurance and liability insurance in effect starting November 30, 2018.  That insurance had been canceled in or about February 2019 for nonpayment, as MEYZEN knew as of May 14, 2019.

17.  On or about June 11, 2019, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, was deposed under oath by an Assistant United States Trustee in connection with the La Cremaillere bankruptcy.  When asked about the cancellation of the insurance policies, MEYZEN falsely testified that "I did not realize that the policy had been canceled" at the time she gave the U.S. Trustee the insurance documents on May 14, 2019.  MEYZEN falsely testified further that she did not receive any notice of the cancellation of the policies.

### Means to Mislead Investigators

18.  On or about May 1, 2019, Special Agents of the Federal Bureau of Investigation interviewed BARBARA MEYZEN,

a/k/a "Bobbie Meyzen," the defendant. The agents advised MEYZEN that making false statements to federal agents during the course of a federal investigation was a federal crime that could subject her to imprisonment. MEYZEN made the following false statements to the agents:

    a. she believed an employee of a Lender, whom she identified by name, filed the forged satisfaction of mortgage relating to the second mortgage on the Meyzen Family Realty property with the Westchester County Clerk;

    b. she did not pay the fee for filing the forged satisfaction of mortgage relating to that second mortgage;

    c. she did not know anything about charges made to Jane Doe's charge card account for restaurant supplies for La Cremaillere;

    d. she did not have conversations with Jane Doe about charges to Jane Doe's charge card account;

    e. she did not give Jane Doe checks, which bounced, to cover the charges;

    f. she did not know anything about submitting altered bank statements to Lenders; and

    g. she did not send a fake email to a Lender.

19. At the conclusion of the interview, the agents advised BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant,

that she could change any statement she made during the interview at that time without penalty. MEYZEN then declined to make any changes to the statements she made during the interview.

**STATUTORY ALLEGATION**

20. From in or about August 2015 through in or about July 2019, in the Southern District of New York and elsewhere, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice, knowingly and willfully transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, to wit, for the purpose of executing a scheme to maintain control of, and continue the operation of, La Cremaillere and Meyzen Family Realty through various fraudulent means, MEYZEN sent, received and caused wire communications in interstate commerce, including emails, telephone calls and facsimiles to and from Lenders; the Manhattan Lender; vendors whose invoices she fraudulently charged to Jane Doe's and John Roe's charge cards; her insurance broker; and vendors whose invoices she paid from funds diverted

from the La Cremaillere bankruptcy estate.

(Title 18, United States Code, Sections 1343 and 2)

## FORFEITURE ALLEGATION

21. As the result of committing the wire fraud offense in violation of Title 18, United States Code, Section 1343 as charged in Count One of this Superseding Information, BARBARA MEYZEN, a/k/a "Bobbie Meyzen," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense.

### Substitute Asset Provision

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

     e. has been comingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

   (Title 18, United States Code, Section 981(a)(1)(C);
    Title 21, United States Code, Section 853(p);
    Title 28, United States Code, Section 2461.)

*[signature]*
GEOFFREY S. BERMAN
United States Attorney