UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA           :     PRELIMINARY ORDER OF
                                          FORFEITURE AS TO
    - v. -                        :     **SUBSTITUTE ASSETS**

BARBARA MEYZEN                     :     S1 19 Cr. 664 (VB)
   "a/k/a Bobbie Meyzen"

               Defendant.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONIC
DOC #:
DATE FILED: 3/19/21

   WHEREAS, on or about March 5, 2020, BARBARA MEYZEN "a/k/a Bobbie Meyzen," (the "Defendant"), was charged in a one-count Superseding Information, S1 19 Cr. 664 (VB) (the "Information"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One);

   WHEREAS, on or about March 5, 2020, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information;

   WHEREAS, on or about September 23, 20120 the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $320,289.35 (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained (D.E. 28);

1

WHEREAS, to date, the entire Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant; and

WHEREAS, the Government has identified the following specific assets which were seized from the Defendant at the time of her arrest on or about July 23, 2019 in Bedford, New York:

    a.    $4,000 in United States currency in a Westchester Bank envelope;
    b.    USPS blank money orders in the amounts of $1,000, $835, $899.33 totaling $2,734.; and
    c.    $1,317 in United States currency from the Defendant's purse/wallet.

(the "Substitute Assets").

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

3. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute

Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

4. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

5. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

6. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

8. The Clerk of the Court shall forward four certified copies of this Preliminary Order of Forfeiture as to Substitute Assets to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York, 10007.

Dated: White Plains, New York
       March 19, 2021

SO ORDERED:

HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE